# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

HEIN VAN NGUYEN,

               Petitioner,

    v.

JESSICA SAGE, et al.,

               Respondents.

CIVIL ACTION NO. 3:26-CV-00545

(MEHALCHICK, J.)

## MEMORANDUM

Petitioner Hein Van Nguyen ("Nguyen") brings this petition for writ of habeas corpus. (Doc. 1). On March 5, 2026, Nguyen filed the instant petition, requesting that Respondents Jessica Sage ("Sage"), David O'Neill, Todd M. Lyons, Kristi Noem, and Pamela Bondi[1] release him from custody at the Lewisburg Federal Correctional Institution ("FCI Lewisburg"). (Doc. 1, at 2). On March 6, 2026, the Court issued an order to show cause setting a briefing schedule and ordering Sage to not transfer Nguyen while the Court decides on his habeas petition. (Doc. 2). On March 13, 2026, Sage filed a response to Nguyen's

---

[1] Pursuant to the "immediate custodian rule," the only proper respondent in this case is Sage, Warden of FCI Lewisburg. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Nguyen is detained at FCI Lewisburg, Sage is the proper respondent. (Doc. 1, at 2); *see Rumsfeld*, 542 U.S. at 434. As such, Respondents David O'Neill, Todd M. Lyons, Kristi Noem, and Pamela Bondi are **DISMISSED**. However, the government will be bound by the Court's judgment because Sage is acting as an agent of the federal government by detaining Nguyen on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at \*9-\*10 (S.D.N.Y. Sep. 28, 2018); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at \*8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025).

petition, and on March 20, 2026, Nguyen filed a traverse. (Doc. 3; Doc. 4). On April 16, 2026, Sage filed a motion to lift the Court's do not transfer order because removal is imminent. (Doc. 5). For the following reasons, Nguyen's petition (Doc. 1) is **DENIED** and the Court's March 6, 2026 order to not transfer Nguyen is lifted. (Doc. 2).

I.   FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Nguyen's petition and traverse, Sage's response and supplement, and the exhibits thereto. (Doc. 1; Doc. 3; Doc. 4; Doc. 5). Nguyen is a citizen of Vietnam who obtained lawful permanent resident status in the United States on May 12, 1992. (Doc. 1, at 6). On or about January 6, 2005, Nguyen was convicted in Atlantic City, New Jersey for manufacturing, distributing, or dispensing over 50 grams of marijuana and possessing of a weapon for unlawful purpose, and on October 24, 2007, Nguyen was convicted in Atlantic City, New Jersey for possession of cocaine. (Doc. 4-1, at 8-9). Following Nguyen's drug convictions, on or about April 29, 2009, an immigration judge ordered Nguyen to be removed to Vietnam. (Doc. 1, at 6). After Nguyen appealed to the Board of Immigration Appeals, an immigration judge entered Nguyen's final order of removal on April 2, 2010. (Doc. 1, at 7). In the final order or removal, the immigration judge noted that Nguyen "expressed remorse for his actions—particularly his involvement with drugs and the effect his drug use had on his family . . .," and the immigration judge found that Nguyen has strong support from his family, who believe Nguyen learned his lesson and wish him to remain in the United States. (Doc. 4, at 6). The government detained Nguyen following the final order of removal and released him on an order of supervision on or about June 24, 2010, due to the government's inability to obtain travel documents for Nguyen's removal. (Doc. 1, at 7).

In his fifteen years on supervised release, Nguyen worked, paid his taxes, never missed

a required immigration check-in, and provided for his family. (Doc. 1, at 8; Doc. 4, at 7). Nguyen has two United States citizen children, three United States citizen grandchildren, and a United States citizen mother. (Doc. 1, at 8). On July 31, 2025, ICE revoked Nguyen's supervised released based on a significant likelihood of his removal in the reasonably foreseeable future and arrested Nguyen during a scheduled check-in appointment at the Philadelphia ICE Field Office. (Doc. 1, at 7). The government transferred Nguyen to the Moshannon Valley Processing Center on or about August 3, 2025. (Doc. 1, at 7). On or about August 21, 2025, the government completed a travel document application for Nguyen's removal to Vietnam. (Doc. 3, at 4). On September 11, 2025, the application was returned to Enforcement and Removal Operations and sent to the Headquarters Individual Reservist Readiness Integration Organization ("HQ-RIO") to submit to Vietnam. (Doc. 3, at 4). HQ-RIO submitted the travel document to Vietnam on or about December 8, 2025. (Doc. 1, at 4). The government then transferred Nguyen to FCI Lewisburg on or about January 27, 2026. (Doc. 1, at 7). On or about April 3, 2026, Vietnam issued a travel document for Ngueyn, and the government placed Nguyen on a removal flight scheduled for May 8, 2026. (Doc. 5, at 1-2; Doc. 5-1, at 2). Since his July 2025 arrest, Nguyen has been in custody for over 180 days. (Doc. 1, at 7).

## II.    LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus

3

and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 400 (D.N.J. 2025) (finding petitioner's continued detention without reasonably imminent removal is unreasonable and ordering release).

## III.    JURISDICTION

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the Immigration and Nationality Act ("INA") strips district courts of

subject-matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR"). However, the Third Circuit clarified that district courts retain jurisdiction over habeas petitions presenting "now or never" questions of law, that cannot be meaningfully reviewed later on a PFR. *Kahlil*, 164 F.4th at 273-74.

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil, 164 F.4th at 277-79* (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined); *see also Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil, 164 F.4th at 278-79* (finding that length of confinement claim "does not get channeled into the PFR review process"). Thus, the Court retains jurisdiction over the legal question of whether Nguyen's detention after his order of removal became final has become unconstitutionally prolonged. *Jennings,* 583 U.S. at 294; *Kahlil*, 164 F.4th at 274-79; *Zadvydas,* 533 U.S. at 688.

## IV.   DISCUSSION

Nguyen contends that his detention violates the Due Process Clause of the Fifth Amendment and the INA because it has exceeded six months and removal is not reasonably foreseeable. (Doc. 1, at 9-11). Sage counters that ICE is authorized to detain Nguyen and is complying with Post Order Custody Review regulations. (Doc. 3, at 1). Sage also avers that the duration of Nguyen's detention remains reasonable because Ngyen's removal will occur in the reasonably foreseeable future. (Doc. 3, at 1, 4).

Section 1231 of the INA provides for the detention of noncitizens with final orders of removal. 8 U.S.C. § 1231. Pursuant to 8 U.S.C. § 1231, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." Noncitizens convicted of certain criminal offenses and noncitizens whom the Attorney General finds to be a risk to the community or unlikely to comply with an order of removal may be detained beyond the 90-day removal period. 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 690-91 (2001), the Supreme Court found that indefinite detention of a noncitizen with a final order of removal violates the Due Process Clause of the Fifth Amendment, and that detention of a noncitizen with a final order of removal must be limited with a definite endpoint. The Supreme Court determined that to discern whether post-order of removal detention comports with the Due Process Clause of the Fifth Amendment, habeas courts must ask whether the detention "exceeds a period reasonably necessary to secure removal." *Zadvydas*, 533 U.S. at 699. The Supreme Court found that detention post-order of removal is presumptively reasonable for a period under six months. *Zadvydas*, 533 U.S. at 701. After the presumptively reasonable six-months period runs and the detained noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond

6

with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. As the period of confinement grows, what counts as reasonably foreseeable future conversely shrinks. *Zadvydas*, 533 U.S. at 701. If removal is ultimately not reasonably foreseeable, habeas courts should hold continued detention unreasonable. *Zadvydas*, 533 U.S. at 699-700.

Nguyen provides that his removal is not reasonably foreseeable because in his eight months of re-detention after supervised release, the government has failed to procure his travel documents. (Doc. 1, at 9). The government rebuts Nguyen's showing by providing that on or about April 3, 2026, Vietnam issued a travel document for Nguyen and that the government placed Nguyen on a May 8, 2026 removal flight. (Doc. 5-1, at 2). While the government has detained Nguyen ***for over eight months***, despite Nguyen's ***fifteen years of compliance with the terms of his supervised release***, the Court is constrained to find that there is now a significant likelihood of Nguyen's removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701 (finding a noncitizen may be held in confinement after a presumptively reasonable period of six months if there is a significant likelihood of removal in the reasonably foreseeable future). The necessary travel documents to execute Nguyen's removal have been issued by Vietnam, and the government has provided a removal flight. (Doc. 5, at 1-2). Accordingly, Nguyen's petition for writ of habeas corpus is **DENIED**, and the Court's March 6, 2026 order to not transfer Nguyen is lifted. (Doc. 1; Doc. 2). Should there be further delays in the government's removal of Nguyen, Nguyen is permitted to file a new petition for writ of habeas corpus showing that his removal is no longer reasonably foreseeable.

V.     CONCLUSION

For the foregoing reasons, Nguyen's petition for writ of habeas corpus is **DENIED**, and the Court's March 6, 2026 order to not transfer Nguyen is lifted. (Doc. 1; Doc. 2). The Clerk of Court is directed to close this matter.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**

**Dated: April 28, 2026**